UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD SHORT (#419043)                                           CIVIL ACTION

VERSUS

JASON FALLON, ET AL.                                             NO. 13-0390-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 3, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD SHORT (#419043)                                              CIVIL ACTION

VERSUS

JASON FALLON, ET AL.                                                NO. 13-0390-BAJ-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at a facility in Port Allen, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Louisiana Parole Board Chairman C.A. Lowe, Parole Board Members S. Jones and T. Jacob, and Parole Officers Jason Fallon, Michael Arabie and Melissa H., complaining that his constitutional rights were violated, commencing in January, 2011, when he was subjected to "false imprisonment" because he was held in confinement in connection with an investigation into the violation of the terms of his parole, notwithstanding that pending criminal charges levied against him had been dismissed. In addition, the plaintiff complains that his parole was thereafter revoked at a parole board hearing conducted on April 28, 2011, at which he was denied appropriate due process. The plaintiff prays for declaratory and injunctive relief and also compensatory and punitive damages as a result of the defendants' alleged wrongful conduct.

In his Complaint, the plaintiff alleges that he turned himself in to state law enforcement officials in November, 2010, in connection with then-pending criminal charges of simple burglary, domestic abuse and resisting an officer, violations of La. R.S. 14:62, 14:35.3 and 14:108, respectively. While awaiting a disposition in connection with those charges, the plaintiff

was escorted to an interview on December 4, 2010, with defendant Jason Fallon, a parole officer with whom the plaintiff had allegedly experienced prior conflict.  During that interview, defendant Fallon urged the plaintiff to waive his right to a formal parole revocation hearing and to accept the revocation of his parole.  The plaintiff refused.  Thereafter, on December 8, 2010, the plaintiff was escorted to a second interview, this one attended by defendant Fallon and by another parole officer, defendant Michael Arabie, and again the plaintiff refused to sign a form waiving his right to a parole revocation hearing.  Finally, on December 16, 2010, the plaintiff was escorted to a third interview with defendants Fallon and Arabie, and the defendants allegedly advised the plaintiff at that time that the referenced criminal charges were going to be dismissed and that the plaintiff would be released when that occurred.  The plaintiff complains, however, that the criminal charges were formally dismissed on January 18, 2011, but he was thereafter maintained in confinement.  When his family members inquired about such confinement, they were informed by a supervising parole officer, defendant Melissa H., that defendant Fallon was conducting an investigation into potential parole violations by the plaintiff.  Finally, on April 20, 2011, three months after dismissal of the criminal charges, the plaintiff was informed by defendant Fallon that a formal parole revocation hearing was scheduled before the parole board on April 28, 2011.

At the parole board hearing thereafter conducted on April 28, 2011, the defendant parole board members, defendants C.A. Lowe, S. Jones and T. Jacobs, voted to revoke the plaintiff's parole, notwithstanding that the pending criminal charges had been dismissed and notwithstanding that the plaintiff allegedly was not given an opportunity to explain or respond to accusations by the parole board that he had not timely paid parole supervision fees and that he had purportedly "run from the police" at the time of the alleged events of November, 2010.  As a

result of the vote by the parole board, the plaintiff was returned to the custody of the Louisiana Department of Corrections.

Finally, the plaintiff asserts that he appealed the revocation decision of the parole board and that on or about October 25, 2012, approximately two years later, he received definitive notice from a state district court that the court had concluded that the plaintiff's right to due process had been violated during the parole revocation proceedings. According to the plaintiff, the state court granted the plaintiff's appeal, reversed the decision of the parole board, and remanded the matter to the parole board for a rehearing. The plaintiff does not provide any further information, however, regarding the result of any subsequent rehearing before the state parole board.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32.

A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Applying the foregoing standard, the Court finds that the plaintiff's Complaint fails to state a claim cognizable in this Court. Initially, the Court finds that the plaintiff's claims asserted against the parole board chairman, defendant C.A. Lowe, and parole board members S. Jones and T. Jacob, who voted to revoke the plaintiff's parole in April, 2011, are barred by the doctrine of absolute immunity. In this regard, it has been held that the members of a parole board who sit in determination of an inmate's revocation of parole are immune from a suit for damages in their quasi-judicial role. *See Hulsey v. Owens,* 63 F.3d 354, 356-57 (5th Cir. 1995) (finding that the defendant parole board members were entitled to absolute immunity in connection with the plaintiff's claim that his parole had been revoked, notwithstanding the dismissal of criminal charges, and noting that the Fifth Circuit has "repeatedly held that parole board members are absolutely immune when performing their adjudicative functions"). *See also Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1114 (5th Cir. 1987). This immunity extends to parole board members who participate in the decision-making process. *See Miles v. Everette*, 88 Fed. Appx. 775 (5th Cir. 2004); *Hunter v. Rodriguez*, 73 Fed. Appx. 768, 769-70 (5th Cir. 2003); *Littles v. Board of Pardons and Paroles Division*, 68 F.3d 122, 123 (5th Cir. 1995). Thus, the plaintiff's claim for monetary damages against defendants C.A. Lowe, S. Jones and T. Jacob must be dismissed as legally frivolous as a matter of law.

Turning to the plaintiff's claim asserted against parole officers Jason Fallon, Michael Arabie and Melissa H., the Court finds that these claims fare no better. Specifically, not only are these defendants entitled to *qualified* immunity in connection with their role in investigating and/or reporting parole violations relative to the plaintiff, such that their actions are shielded

from liability if such actions may be found to have been objectively reasonable, *see Galvan v. Garmon*, 710 F.2d 214 (5th Cir. 1983); *Lucas v. Parish of Jefferson*, 999 F. Supp. 839, 844-45 (E.D. La. 1998), but the plaintiff's claim of "false imprisonment" asserted against these defendants is clearly barred by the applicable statute of limitations. In this regard, there is a one year limitations period applicable to claims asserted under 42 U.S.C. § 1983 in the State of Louisiana. *See Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999); La. Civ. Code art. 3492. Although federal law determines the date of accrual of a prisoner's § 1983 claim, *Lavellee v. Listi*, 611 F.2d 1129, 1130-31 (5th Cir. 1980), it is well-settled that a claim accrues when a "plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* Further, for claims of false arrest or false imprisonment, the limitations period accrues and begins to run when the plaintiff "becomes held pursuant to [legal] process – when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). In the instant case, although the plaintiff complains that he was wrongly maintained in confinement for a period of several months after pending criminal charges against him were formally dismissed in January, 2011, he concedes that he thereafter appeared before the parole board for a hearing on April 28, 2011, at which time the parole board voted to revoke his parole and to return him to confinement. Thus, at least as of April, 2011, the plaintiff was subject to confinement pursuant to "legal process," and his claim accrued at that time relative to the alleged wrongful conduct of parole board officers Jason Fallon, Michael Arabie and Melissa H. in maintaining him in confinement. *See Reed v. Edwards*, 487 Fed. Appx. 904, 906 (5th Cir. 2012) (finding that a parole revocation hearing was sufficient to constitute "legal process" for purposes of accrual of a false imprisonment claim). Accordingly, inasmuch as the plaintiff did not commence the instant proceeding until more than two years later in July, 2013, his claim for

monetary damages asserted against these defendants must be dismissed as being time-barred.

Finally, the plaintiff also seeks to assert a claim for injunctive relief, pursuant to which he prays that the Court "expunge the disciplinary conviction described in this Complaint from the petitioner's institutional record."  *See* Rec. Doc. 1 at p. 9.  The Court finds that this claim, as well, is not properly before the Court.  Specifically, when a prisoner challenges a single parole board hearing as being constitutionally defective, or seeks to challenge indirectly the legality of his confinement pursuant to a parole revocation, he must first pursue his claim in a federal habeas corpus proceeding after exhaustion of state court post-conviction remedies.  *See Vineyard v. Kyle,* 24 F.3d 237 (5th Cir. 1994) ("This Court requires a plaintiff ... who attempts to challenge indirectly the legality of his confinement pursuant to a parole revocation, to pursue state and federal habeas remedies prior to asserting a § 1983 claim").  This is so even if the result of such a challenge would not entitle the plaintiff to earlier release but would only entitle him to a new hearing with proper procedural protections.  *See Serio v. Members of the Louisiana State Bd. of Pardons*, *supra,* 821 F.2d at 1118.  In the instant case, the plaintiff asserts that the state district court granted him a new hearing before the state parole board.  He has not, however, provided this Court with the result of any subsequent re-hearing, nor has he asserted the instant claim as an application for federal habeas corpus relief.  Accordingly, to the extent that the plaintiff prays for relief in the form of a reversal or expungement of the parole board's original or subsequent determination, he challenges the specific outcome of those parole revocation proceedings and, pursuant to *Serio*, he must first pursue this claim in a federal habeas corpus proceeding.  Accordingly, the instant claim for injunctive relief under 42 U.S.C. § 1983 is not properly before the Court and must be dismissed.

RECOMMENDATION

It is recommended that this action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(g) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on April 3, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

1. Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."